ERASMUS B. ALLISON, Appellee, vs. ELLIS Y. ALLISON,
Appellant.

*Opinion filed October 28, 1910.*

APPEALS AND ERRORS—*when cause must be transferred.* An appeal from a decree granting partition after sustaining exceptions to all of appellant's answer except that part disclaiming any interest in the land will be transferred to the Appellate Court, where the only remaining question is one of procedure, relating to the method of presenting the question of complainant's mental capacity.

APPEAL from the Circuit Court of Edgar county; the Hon. WILLIAM B. SCHOLFIELD, Judge, presiding.

SHEPHERD & TROGDON, (JAMES ESSICK, of counsel,) for appellant.

FRANK T. O'HAIR, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellee, Erasmus B. Allison, being the owner of 172 acres of land in Edgar county, on December 28, 1909, conveyed an undivided one-half thereof to Mary Virginia Allison, and fifteen days later filed a bill in the circuit court for the partition of the premises, making parties thereto his said grantee, a mortgagee, and the appellant, Ellis Y. Allison, alleging that the latter claimed some interest in the premises but that he had none. Appellant by his amended answer disclaimed all interest in the premises. The answer further averred that the appellant and Mary Virginia Allison are cousins, being the children of two brothers of the said Erasmus B. Allison and the only prospective heirs of his estate; that he is an old man, enfeebled by age, weak of body, unsound of mind, incapable of managing and caring for his estate but completely directed in his life and in the management and control of his business affairs by one William D. T. Travis and Mary Virginia Allison, in whose

home he has lived for more than thirty years; that he is about to trade his Illinois land for Dakota land of much less value; that he did not understand the trade, which was being made by other parties; that the deed to Mary Virginia Allison of one-half the premises was made without consideration, through the undue influence of the said William D. T. Travis and Mary Virginia Allison, for the purpose of getting the title to the lands away from Erasmus B. Allison and enabling Travis to procure money therefor for his own individual purposes. The answer contains numerous details tending to show the mental incapacity of the appellee and an affidavit showing that he is of unsound mind and incapable of managing his estate and that he has become the subject of shrewd and designing persons, and asks the court to make such orders and issue such writs as may be necessary to try the question of the mental capacity of the appellee to dispose of his property. The court sustained exceptions to all of the answer except the disclaimer and rendered a decree in accordance with the prayer of the bill, from which an appeal has been taken.

No freehold is involved in this appeal nor is there any other ground upon which this court can take jurisdiction. The question involved is only one of procedure. The appellant has no interest in the land. No issue is made in regard to the title. No decree could be rendered, as the case stands, setting aside any deed or affecting the title. The only controversy here is as to the method of presenting the question of the appellee's mental capacity and the action of the circuit court on that question. Whatever may be the decision on this appeal, it cannot affect the title to the land.

The appeal will be transferred to the Appellate Court for the Third District. ·                    *Appeal transferred.*